People v Patterson (2022 NY Slip Op 02637)

People v Patterson

2022 NY Slip Op 02637

Decided on April 21, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 21, 2022

Before: Renwick, J.P., Kapnick, Shulman, Pitt, JJ. 

Ind. No. 5199/16 Appeal No. 15767 Case No. 2018-03385 

[*1]The People of the State of New York, Respondent,
v
Michael Patterson, Defendant-Appellant.

Janet E. Sabel, The Legal Aid Society, New York (Tomoeh Murakami Tse of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Brent E. Yarnell of counsel), for respondent.

Appeal from judgment, Supreme Court, New York County (Abraham L. Clott, J., at motion for Frye hearing; Ruth Pickholz, J. at jury trial and sentencing), rendered October 15, 2018, convicting defendant of criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to a term of seven years, held in abeyance, and the matter remanded for further proceedings consistent with this decision.
The motion court should have granted defendant's request for a Frye hearing on the Forensic Statistical Tool (FST) for DNA evidence (see People v Williams, 35 NY3d 24 [2020]). The factors cited by the People, including the removal of barriers to access the FST and the FST's use by defense attorneys in criminal cases, are insufficient to meet the People's burden to "show consensus in the scientific community as to the methodology's reliability" (id. at 37 [brackets]). This error was not harmless, given the significance of the "DNA evidence derived from use of the FST," which "was the strongest evidence tying defendant to the contraband" (People v Wortham, 37 NY3d 407, 417 [2021]).
In light of the foregoing, we hold this appeal in abeyance without reaching defendant's remaining arguments, and remand for a Frye hearing to determine the admissibility of the DNA evidence (see id. at 417-419).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 21, 2022